UNITED STATES of America, Plaintiff–Appellee,

v.

Orlando Richard VELASQUEZ, Defendant–Appellant.

No. 89–1132.

United States Court of Appeals, Fifth Circuit.

Dec. 4, 1989.

Rehearing Denied Jan. 2, 1990.

Douglas Gelo, El Paso, Tex. (Court appointed), for defendant-appellant.

LeRoy Morgan Jahn, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., Philip Police, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before RUBIN, REAVLEY and KING, Circuit Judges.

REAVLEY, Circuit Judge:

Orlando Richard Velasquez was convicted of possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and of conspiring to possess marijuana with intent to distribute in violation of 21 U.S.C. § 846. On this appeal, Velasquez challenges the district court's ruling that there was no violation of the Speedy Trial Act and the finding that Velasquez was not a minimal participant in the offense justifying a reduction in the offense level under the federal sentencing guidelines.

## I. Speedy Trial Act

Section 3161(b) of the Speedy Trial Act provides: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Velasquez was arrested on May 16, 1988. The following day a criminal complaint was issued charging Velasquez with possession of marijuana with intent to distribute. On July 19, 1988, sixty-three days after his arrest, the grand

jury returned an indictment against Velasquez charging him in count one with conspiracy to possess marijuana with intent to distribute and in count two with possession of marijuana with intent to distribute. Velasquez filed a motion to dismiss the indictment, alleging that it was returned thirty-three days late. The district court determined that Velasquez waived his Speedy Trial Act rights with respect to two weeks of the delay and that the remainder of the time was excludable under section 3161(h)(1)(A), (I).

Section 3161(h)(1)(A) allows exclusion of delays from the thirty-day period that result from examinations to determine the "mental competency or physical capacity of the defendant." This provision cannot be interpreted to toll the running of the thirty-day period applicable to Velasquez for the time during which efforts were taken to determine the competency of Vinicio Manuel Baquera–Canizales, who was arrested with Velasquez. Section 3161(h)(1)(I) allows exclusion of "delay resulting from consideration by the court of a proposed plea agreement." The record indicates that the parties discussed but did not finalize a plea agreement, and it is clear that no agreement was ever submitted to the court for consideration. Thus, even if Velasquez could and did agree to a two-week waiver, issues we do not consider,[1] the indictment was not returned within thirty days after his arrest.

If an indictment is not returned within the prescribed time, "such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). Count two of the indictment charged Velasquez with possession of marijuana with intent to distribute, the same offense raised in the complaint. Because the indictment was not returned within thirty days, the district court should have dismissed this count. Count one of the indictment, however, charged Velasquez with conspiracy to possess marijuana with intent to distribute, an offense not raised in the complaint. We have interpreted the dismissal sanction narrowly. In a recent case, we followed the lead of other courts of appeals and held "that if the Government fails to indict a defendant within thirty days of arrest, the Act requires dismissal of only the offense or offenses charged in the original complaint." *United States v. Giwa,* 831 F.2d 538, 541 (5th Cir.1987) (emphasis omitted); *cf. United States v. Napolitano,* 761 F.2d 135, 137–38 (2d Cir.), *cert. denied,* 474 U.S. 842, 106 S.Ct. 129, 88 L.Ed.2d 106 (1985); *United States v. Heldt,* 745 F.2d 1275, 1279–80 (9th Cir.1984); *United States v. Pollock,* 726 F.2d 1456, 1462–63 (9th Cir. 1984). This is true even if the offenses charged for the first time in an indictment arise out of the same conduct or criminal episode as those charged in the complaint. *See Giwa,* 831 F.2d at 541–43. As another court has noted, this interpretation relieves courts of the burden of engaging "in the complex task of investigating the relationship between the conduct underlying the offenses charged in the complaint and the conduct underlying the offenses listed in the indictment." *Pollock,* 726 F.2d at 1463; *see Giwa,* 831 F.2d at 541–42 (quoting *Pollock* ). Thus, under this circuit's interpretation of the Speedy Trial Act, the government was not precluded from indicting Velasquez on the conspiracy count and thereafter securing a conviction.

Some courts have suggested that if a charge in an indictment merely "gilds" that raised in a complaint, the date of the initial arrest may trigger the applicable time periods of the Act for both offenses. *See id.* at 542; *Napolitano,* 761 F.2d at 138; *United States v. Nixon,* 634 F.2d 306, 309 (5th Cir.), *cert. denied,* 454 U.S. 828, 102 S.Ct. 120, 70 L.Ed.2d 103 (1981); *United States v. DeTienne,* 468 F.2d 151, 155 (7th Cir. 1972), *cert. denied,* 410 U.S. 911, 93 S.Ct. 974, 35 L.Ed.2d 274 (1973). Our research reveals no case in which the court has applied the gilding exception to bar prosecution for an offense not raised in an initial

---

1. It is not clear that a defendant may waive Speedy Trial Act rights. *See United States v. Kington,* 875 F.2d 1091, 1107–08 (5th Cir.1989).

Our disposition of this case precludes any need to address this issue.

complaint. Indeed, application of the rule would draw the court into the very case-by-case inquiry that the bright-line rule attempts to avoid. We do not hold that the gilding exception will never be applicable. We do conclude, however, that the exception should not apply in this case, where the conspiracy count of the indictment alleges an offense that is "separate and distinct ... requiring proof of different elements." *Giwa,* 831 F.2d at 543. The district court properly refused to dismiss count one of the indictment.

 Our normal practice would be to remand to the district court for a determination of whether to dismiss the possession count with or without prejudice. We conclude that remand is unnecessary in this case. The determination of whether to dismiss with or without prejudice requires evaluation of a number of factors, including the "impact of a reprosecution on the ... administration of justice." 18 U.S.C. § 3162(a)(1). The district court imposed concurrent sentences of fifteen months imprisonment and three years supervised release for both the possession and conspiracy counts. Because the length of Velasquez' sentence will remain unaffected and no reason is given for further consideration by the district court,[2] we conclude that the efficient use of judicial resources will be served and the administration of justice will not be disserved by dismissal of the possession count with prejudice.

II. Federal Sentencing Guidelines

 Section 3B1.2 of the federal sentencing guidelines allows for a reduction in the offense level for a defendant who plays a "minimal" or "minor" role in the criminal activity. Whether an adjustment is appropriate turns on whether the defendant was " '*substantially less culpable* than the average participant.' " *United States v. Buenrostro,* 868 F.2d 135, 138 (5th Cir. 1989) (quoting United States Sentencing Commission, *Guidelines Manual,* § 3B1.2,

comment. (backg'd.)). The evidence in the present case showed that Velasquez was waiting with another person late at night on the international border to receive a thirty-pound load of marijuana. Velasquez argued that he was merely acting as a driver of the vehicle, but a court "need not accept the defendant's self-serving account of his role in the drug organization." *Id.* The district court indicated that it would "take into consideration the fact that the co-defendant who may be equally culpable or possibly even more culpable is not before the Court" but apparently concluded that Velasquez was not "substantially less culpable" justifying a minimal/minor participant adjustment. We cannot say this decision was clearly erroneous. *See id.* at 137.

We vacate the conviction and sentence imposed under count two of the indictment and dismiss that count with prejudice. The judgment is affirmed in all other respects.

AFFIRMED as MODIFIED.

---

**2.** On this appeal the government suggested that we apply the concurrent sentence doctrine, vacating the sentence imposed on the possession count and suspending imposition of sentence on

it. *See United States v. Stovall,* 825 F.2d 817, 824 (5th Cir.), *modified,* 833 F.2d 526 (5th Cir. 1987).