**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert Edward HAUSMAN,**
**Defendant–Appellant.**

**No. 89–2786**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 2, 1990.

Duke Walker (court-appointed), Sherman, Tex., for defendant-appellant.

Robert Edward Hausman, Denison, Tex., pro se.

H.S. Garcia, Asst. U.S. Atty., Bob Wortham, U.S. Atty., Sherman, Tex., for plaintiff-appellee.

Before GEE, DAVIS, and JONES, Circuit Judges.

PER CURIAM:

This appeal principally concerns issues arising under the Speedy Trial Act. On September 27 or 30, 1988, James Blanton, a Special Agent for the Federal Bureau of Investigation, went to the Grayson County (Texas) jail and attempted to interrogate Appellant Robert Hausmann, who was being held there on state charges. A federal detainer against Hausman was filed on October 19, 1988; and Hausmann was arrested on federal charges on April 4, 1989, while still in jail on state charges. On the next day, April 5, 1989, a federal grand jury indicted Hausmann on four counts involving bank fraud.

Hausmann was arraigned and pleaded not guilty on April 17, 1989. His trial was set for June 19, 1989; and he entered a guilty plea to count IV of the indictment on that same day. The remaining counts were dismissed. The plea agreement states, among other things, that Hausmann

> reserves the right of appeal of any violations of the Speedy Trial Act, Title 18, U.S.C. § 3161, *et seq.*, to the extent those appeal points have been preserved by [Hausmann]; and the United States does not intend to and hereby does not waive any error by [Hausmann], procedural or

substantive, in preserving such appeal points.

The court accepted Hausmann's plea and sentenced him to imprisonment for 21 months, to a supervised release term of 3 years, to $37,220.91 in restitution, and to a special assessment of $50. Hausmann appeals.

## Analysis

The district court may have been required to conduct an evidentiary hearing on Hausmann's claims under the Speedy Trial Act if Hausmann had shown a genuine issue of fact. *See Gravitt v. United States,* 523 F.2d 1211, 1214 (5th Cir.1975) (§ 2255 case, sixth amendment speedy trial claim). We need not decide whether this principle applies to the present case, however, because the record presently before us demonstrates that Hausmann's claims under the Speedy Trial Act lack merit.

Hausmann contends that his speedy trial rights under 18 U.S.C. §§ 3161(b) and (c)(1) were violated. Section 3161(b) provides: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." Hausmann contends that the district court erred by failing to conduct an evidentiary hearing regarding his claim that he was served with the complaint and arrest warrant on September 27 or 30, 1989 and that he is entitled to have the indictment against him dismissed because he was not indicted until after the thirty-day period had ended.

■ If the government violated § 3161(b) by failing to indict Hausmann within thirty days of his arrest or of serving a summons on him, the Speedy Trial Act requires dismissal of the offense or offenses listed in the complaint only. *See United States v. Giwa,* 831 F.2d 538, 541 (5th Cir.1987). Hausmann maintains that Blanton gave Hausmann an arrest warrant and a complaint during their September 27 or September 30, 1989, meeting, Even should that be true and amount to service of a summons for purposes of § 3161(b),

the offense for which Hausmann was convicted was not contained within those documents. Instead, the complaint and arrest warrant charge violations of 18 U.S.C. § 1014. Hausmann was convicted of a violation of 18 U.S.C. § 1344. Whether the conviction arose from the same conduct as charged in the arrest warrant and complaint is immaterial. *United States v. Velasquez,* 890 F.2d 717 (5th Cir.1989). Hausmann is not entitled to an evidentiary hearing on the present issue because even should he prove that Blanton served him with the warrant and complaint, he would not be entitled to relief.

■ Hausmann also argues that Blanton "at least informed [Hausmann] of the intent to arrest [him] and file charges" against him during the September 27 or 30 meeting. Informing him of such an intent would not, by itself, be sufficient to trigger Speedy Trial Act protections. Section 3161(b) refers to "the date on which such individual was arrested or served with a summons in connection with such charges." Moreover, any such communication must have referred to the charge under § 1014 because Hausmann was not charged with a violation of § 1344 until much later. Therefore, any such communication could not have triggered Speedy Trial Act protections vis-a-vis the offense for which Hausmann was convicted. *See Velasquez, supra.*

■ In addition, Hausmann suggests that the protections of § 3161(b) should have been triggered by the filing of the federal detainer against him. We have rejected that argument in both *United States v. Johnson,* 815 F.2d 309, 312 n. 2 (5th Cir.1987), *cert. denied,* 484 U.S. 1068, 108 S.Ct. 1032, 98 L.Ed.2d 996 (1988), and in *United States v. Taylor,* 814 F.2d 172, 174–75 (5th Cir.), *cert. denied,* 484 U.S. 865, 108 S.Ct. 186, 98 L.Ed.2d 138 (1987). Hausmann contends that *Taylor* stated this in dicta only and that adopting a rule equating "arrest" with filing a federal detainer would be more realistic. He is arguably correct that the apposite language in *Johnson* and *Taylor* is dicta. *See Johnson,* 815 F.2d at 312; *Taylor,* 814 F.2d at 175. But we interpret the Speedy Trial Act

narrowly. *See Velasquez, supra.* Hausmann has not shown that we should reject the language of *Johnson* and *Taylor;* and if it were dicta before, after today it is no longer.

Hausmann's § 3161(c) arguments are based on provisions that were amended in 1979. See Pub.L. 93–619, 88 Stat. 2076 (1975), and Pub.L. 96–43, § 2, 93 Stat. 327 (1979). The provisions of § 3161(c) applicable to the instant case are: "the trial of a defendant charged in an ... indictment ... shall commence within seventy days from the filing date (and making public) of the information or indictment...." This provision was not violated because Hausmann was indicted on April 5, 1989; his trial was set for June 19, 1989; and he pled guilty on that latter date—less than seventy days from his indictment.

In his brief to us, Hausmann suggests that delays in his prosecution violate due process. The plea bargain does not reserve this claim; it does not specifically extend to claims beyond the Speedy Trial Act. Hausmann's valid guilty plea waived his due process claim because it was not preserved in the plea bargain and does not rise to the level of a jurisdictional challenge. *See Barrientos v. United States,* 668 F.2d 838, 842 (5th Cir.1982).

AFFIRMED.