**UNITED STATES of America, Plaintiff,**

v.

**Terryonto McGRIER and Jerome Thomas, Defendants.**

**Cr. No. 2:93–00196.**

United States District Court, S.D. West Virginia, Charleston Division.

April 1, 1994.

---

J. Kirk Brandfass and Michael O. Callaghan, Asst. U.S. Attys., Charleston, WV, for plaintiff.

J.C. Powell, Charleston, WV, for defendant McGrier.

R. Clarke Vanderfort, Charleston, WV, for defendant Thomas.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

On March 24, 1994, came Defendants Terryonto McGrier and Jerome Thomas, in person and with their respective counsel, J.C. Powell and R. Clarke VanDervort, and came also the Government by J. Kirk Brandfass and Michael O. Callaghan, Assistant United States Attorneys, to address motions to dismiss filed by both Defendants. At the hearing the Court **GRANTED** Defendant McGrier's motion to adopt Defendant Thomas' motion to dismiss. For reasons discussed below, the Court also **GRANTED** McGrier's motion to dismiss count one of the indictment based on the Speedy Trial Act, and **ORDERED** count one dismissed without prejudice with respect to McGrier. The Court **DENIED** all other motions to dismiss.

On November 21, 1990, Defendants McGrier and Thomas were involved in a shooting incident with two police officers and a confidential informant. While attempting to flee the scene, the Defendants' automobile struck and killed a bicyclist. Later that same day, the Defendants were arrested by state officers on numerous state charges, including negligent homicide and attempted murder. Both Defendants were placed in state custody. At the time of the state arrests, no federal charges were filed or pending.

On November 27, 1990, the United States filed a criminal complaint charging McGrier and Thomas with conspiring to distribute concaine base and heroin, in violation of 21 U.S.C. § 846. Also on November 27, an arrest warrant and federal detainer were filed against both Defendants. The arrest warrants were not executed at this time, but provided foundation for the detainers.

In the state court McGrier pled guilty to two counts of attempted murder with the use

of a firearm. Thomas pled guilty to a charge of negligent homicide and a charge of bringing stolen property into the state of West Virginia. On August 13, 1992, both McGrier and Thomas were sentenced on the state charges: McGrier received concurrent sentences of one to five years on each count, while Thomas received a one to ten year sentence on the stolen property charge and a one year sentence on the negligent homicide charge.

Some time around May 21, 1993, McGrier completed his state sentence. Following his release, he was arrested immediately by United States Marshals on the drug conspiracy charge contained in the November 27, 1990 complaint. Thomas remained in state prison.

On May 27, 1993, McGrier made his initial appearance on the federal charge for drug conspiracy. On June 1, 1993, he was ordered held without bail pending resolution of federal charges.

On July 2, 1993, McGrier filed a motion to dismiss the complaint, contending his rights under the Speedy Trial Act were violated. 18 U.S.C. § 3161, et seq. The Government responded, agreeing dismissal was appropriate.

On July 7, 1993, the Government filed a second complaint against McGrier, charging him with retaliating against a witness, in violation of 18 U.S.C. § 1513(a)(2).

On July 9, 1993, Magistrate Judge Jerry Hogg submitted a Report–Recommendation recommending that the drug conspiracy complaint, as applied to McGrier only, be dismissed without prejudice.

On August 9, 1993, the government filed a third complaint against McGrier, charging him with carrying and using a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1).

On August 10, 1993, the complaint charging McGrier with retaliating against a witness was dismissed without prejudice, on motion of the Government. Also on August 10, a two count indictment was filed against McGrier and Thomas. Count one charged both Defendants with the substance of the drug conspiracy contained in the complaint filed November 27, 1990. Count two charged McGrier with the substance of the firearm charge contained in the August 9, 1993 complaint. At the time this indictment was filed, the Court had not dismissed the complaint charging McGrier with drug conspiracy.

On August 20, 1993, this court dismissed without prejudice the drug conspiracy complaint against McGrier, pursuant to Magistrate Hogg's July 9, 1993 Report–Recommendation. The Court was not requested and did not consider dismissing the corresponding charge contained in count one of the indictment.

On February 1, 1994, a writ ad prosequendum was issued for Defendant Thomas, who remained in state custody on state charges. Thomas appeared for his arraignment on February 23, 1994.

Thereafter McGrier and Thomas moved for dismissal of count one of the indictment, based on the Speedy Trial Act, the Sixth Amendment right to speedy trial, and the Fifth Amendment due process clause. McGrier also moved to dismiss count two based on the Speedy Trial Act. The Government has conceded that the Speedy Trial Act requires dismissal of count one against McGrier.[1]

## COUNT ONE

### I. SPEEDY TRIAL ACT

Under section 3161(b) of the Speedy Trial Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons...." 18 U.S.C. § 3161(b) (emphasis added). If no indictment is filed within this thirty day deadline, then "such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1).

 In order to trigger the thirty day limit under section 3161(b), "*both* a federal complaint and a federal arrest and/or federal

1. See page six of the Government's March 24, 1994 memorandum regarding speedy trial rights.

summons are required." *U.S. v. Lee*, 818 F.2d 302, 305 (4th Cir.1987). An "arrest" under section 3161(b) consists of a *federal arrest* on a *federal charge. Id.; United States v. Iaquinta*, 674 F.2d 260, 264 (4th Cir.1982). A federal complaint and federal detainer filed against a defendant in state custody does not constitute an "arrest" for purposes of the Speedy Trial Act. *U.S. v. Lee*, 818 F.2d at 304.

The Fourth Circuit has recognized that untimely indictments filed more than thirty days after arrest must be dismissed, although the Court has discretion on whether dismissal should be with or without prejudice. *United States v. Thomas*, 705 F.2d 709, 710 (4th Cir.1983); *See U.S. v. Velasquez*, 890 F.2d 717, 719 (5th Cir.1989) ("Count two of the indictment charged Velasquez with possession of marijuana with intent to distribute, the same offense raised in the complaint. Because the indictment was not returned within thirty days, the district court should have dismissed this count"); *United States v. Antonio*, 705 F.2d 1483, 1486 (9th Cir.1983).

■ As detailed above, the complaint filed November 27, 1990, charged McGrier and Thomas with drug conspiracy. McGrier was placed under federal arrest for this charge on or around May 21, 1993. Thomas remained in state custody, and was not placed under federal arrest.

Based on *Lee* and *Iaquinta*, McGrier's federal arrest on a federal complaint triggered the thirty day deadline imposed by section 3161(b). Beginning in late May, 1993, the Government had thirty days to pursue an indictment charging McGrier with the drug conspiracy contained in the November 27, 1990 complaint.

■ On August 10, 1993 the Government filed the instant indictment, charging McGrier and Thomas with drug conspiracy in count one. Because count one charged the same criminal conduct contained in the November 27, 1990 complaint, and because it was filed more than thirty days after McGrier's federal arrest, the Court **DISMISSES** count one

with respect to McGrier.[2] Conversely, the count one charge against Thomas is not subject to dismissal because of the thirty day rule, since he was never placed under federal arrest. Thomas' motion to dismiss count one is **DENIED**.

■ The next issue is whether count one of McGrier's indictment should be dismissed with or without prejudice. In making this determination, the Court must consider the seriousness of the offense, the facts and circumstances of the case which led to the dismissal, and the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice. 18 U.S.C. § 3162(a)(1).

Applying these factors, the Court concludes the count one charge against McGrier should be dismissed without prejudice. Count one involves serious criminal conduct; as detailed in McGrier's presentence investigation report, a large quantity of drugs was involved. There also is no indication the Government deliberately attempted to evade the Speedy Trial Act: the Government first conceded dismissal of the underlying complaint, and then conceded dismissal of the corresponding indictment. Under these circumstances the Court does not believe it furthers the administration of justice to foreclose reprosecution of McGrier, despite the potential for additional delay. The dismissal is without prejudice.

## II. SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL

■ The Court has also considered McGrier and Thomas' motions to dismiss count one on constitutional grounds. The first issue is whether the November 27, 1990 complaint, coupled with the federal arrest warrants, federal detainers, and state imprisonment, are sufficient to invoke the Defendants' speedy trial rights under the Sixth Amendment.

In *Dickey v. Florida*, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970), a detainer and a state arrest warrant were issued against a Defendant in federal prison on bank robbery charges. The Court held that "on demand [from the Defendant] a State had a [Sixth

---

**2.** Based on *Thomas, Velasquez,* and *Antonio,* the Court notes that dismissal of the November 27,

1990 complaint alone is not sufficient; the Court must also dismiss the corresponding indictment.

Amendment] duty to make a diligent and good-faith effort to secure the presence of the accused from the custodial jurisdiction and afford him a trial." *Id.* at 37, 90 S.Ct. at 1568; *See Smith v. Hooey*, 393 U.S. 374, 383, 89 S.Ct. 575, 579–80, 21 L.Ed.2d 607 (1969).

The rulings in *Dickey* and *Hooey* later were qualified by *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). In *Marion* the court ruled "that it is either a formal indictment or information *or else the actual restraints imposed by arrest and holding to answer a criminal charge* that engage the particular protections of the speedy trial provision of the Sixth Amendment." *Id.* at 320, 92 S.Ct. at 463 (emphasis added). The Sixth Amendment did not extend to the period prior to arrest. *Id.* at 321, 92 S.Ct. at 463–64.

Based on the rulings in *Dickey* and *Hooey*, the Court concludes that McGrier and Thomas' Sixth Amendment right to speedy trial was implicated when the 1990 complaint, arrest warrants, and detainers were filed. This situation may or may not constitute an "arrest" under *Marion*, but the decision in *Marion* never expressly overruled *Dickey* and *Hooey*.[3] This outcome also comports with at least one federal circuit decision subsequent to *Marion*. *Gravitt v. United States*, 523 F.2d 1211, 1215 (5th Cir.1975) ("[A]ppellant's right to a speedy trial [under the Sixth Amendment] attached prior to the return of the first indictment, when he was in state custody, federal authorities knew where to locate him, a formal complaint was filed, and an arrest warrant issued.")

 The next issue is whether McGrier and Thomas' Sixth Amendment rights have been violated. The court must consider four factors: 1) the length of the delay, and whether such delay is uncommonly long; 2) the reason for the delay, and whether the government or the criminal defendant is more to blame; 3) whether, in due course, the defendant asserted his right to a speedy trial; and 4) whether the Defendant suffered prejudice as a result of the delay. *Doggett v. U.S.*, ⸺ U.S. ⸺, ⸺, 112 S.Ct. 2686, 2690, 120 L.Ed.2d 520 (1992); *Barker v.*

*Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972).

In order to trigger this four part analysis, the Court must first consider the length of delay, and whether "the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay...." *Doggett v. U.S.*, ⸺ U.S. at ⸺, 112 S.Ct. at 2690. Thus the Defendant cannot complain that the government denied him a speedy trial if it has prosecuted his case with customary promptness. *Id.* at ⸺⸺⸺, 112 S.Ct. at 2690–91. If the accused makes the necessary showing of delay, the Court must then consider "the extent to which such delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Id.* at ⸺, 112 S.Ct. at 2691.

 In assessing the reasons for delay, "a deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government." *Barker v. Wingo*, 407 U.S. at 531, 92 S.Ct. at 2192. "A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant." *Id.* at 531, 92 S.Ct. at 2192.

 "The defendant's assertion of his speedy trial right ... is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Id.* at 531–532, 92 S.Ct. at 2192–2193. The Supreme Court has emphasized that "failure to assert the right [to a speedy trial] will make it difficult for a defendant to prove that he was denied a speedy trial." *Id.* at 532, 92 S.Ct. at 2193.

 In assessing prejudice to the defendant, the Court should consider the interests which the speedy trial right was designed to protect. These include: 1) preventing oppressive pretrial incarceration; 2) minimizing anxiety and concern of the accused; and 3) limiting the possibility that the defense will

---

**3.** The Court notes that such a situation does not constitute an "arrest" *for purposes of the Speedy*

*Trial Act,* based on the Fourth Circuit rulings in *Lee* and *Iaquinta.*

be impaired, either through the death of a witness, impaired witness memory, or the Defendant's inability to prepare a defense while incarcerated. *Id.* at 532–533, 92 S.Ct. at 2193. Of these three factors, "the most serious is the last, because the defendant's inability to adequately prepare his case skews the fairness of the entire system." *Id.*

These same principles apply to pending, unpursued charges against a Defendant who is already imprisoned by another jurisdiction:

"First, the possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed. Secondly, under procedures now widely practiced, the duration of his present imprisonment may be increased, and the conditions under which he must serve his sentence greatly worsened, by the pendency of another criminal charge outstanding against him.

And while it might be argued that a person already in prison would be less likely than others to be affected by 'anxiety and concern accompanying public accusation,' there is reason to believe that an outstanding untried charge ... can have have fully as depressive an effect upon a prisoner as upon a person who is at large." *Smith v. Hooey*, 393 U.S. at 378, 89 S.Ct. at 577.

■ Applying the *Barker* and *Doggett* factors, the Court recognizes over three years have passed since the 1990 complaint, arrest warrants, and detainers were filed against McGrier and Thomas. Both Defendants have remained in state or federal custody since this time. The Court concludes that a three year delay is presumptively prejudicial under these circumstances.

The Court, however, also notes McGrier never demanded a speedy trial, and Thomas did not make a demand for speedy trial until January 18, 1994.[4] The failure to demand a speedy trial timely weighs heavily against the Defendants, and their disinterest in seeking resolution of federal charges fostered the Government's delay in obtaining an indictment.

The United States also has submitted other plausible reasons for delay, including: 1) consideration of what charges to bring; 2) determination of the time in custody remaining on Thomas' sentence, 3) deciding whether to try Thomas with McGrier; and 4) assessment of *Bruton* problems rising from a post-conspiracy statement by McGrier inculpating Thomas.[5] These bona fide considerations strongly suggest that indictment delays were not deliberate attempts to hamper McGrier and Thomas' defense.

Further, there is little evidence that delay in formalizing charges significantly impaired the Defendants' ability to prepare their case. Thomas' motion to dismiss asserts that witnesses are "difficult to reach," but this does not mean such witnesses are unavailable for trial.

With respect to McGrier, the alleged prejudice is wholly non-specific: "[T]he Defendant has lost the ability to question the veracity of some of the Government's witnesses ... The excessive time lapse has now compromised the Defendant's ability to defend this action in unidentifiable ways."[6]

The Court concludes that vague allegations of prejudice are outweighed substantially by the Defendants' failure to assert speedy trial rights seasonably, and the Government's plausible explanations for the delay. Accordingly the Court **DENIES** the Defendants' motions to dismiss based on the Sixth Amendment.

### III. *FIFTH AMENDMENT DUE PROCESS CLAUSE*

■ The Defendants also seek dismissal based on Fifth Amendment due process claims. The following test applies in

---

4. On April 7, 1993, Thomas expressly acknowledged he *did not* demand a speedy trial. See Exhibits F and G of Thomas' March 23, 1994 motion to dismiss.

5. See page ten of the Government's March 24, 1994 memorandum regarding speedy trial rights.

6. See the last page of McGrier's March 9, 1994 memorandum in support of dismissal pursuant to the Sixth Amendment.

determining whether a preindictment delay violates due process:

> "First, a court must assess whether the [criminal] defendant has suffered actual prejudice, and the burden of proving such prejudice is clearly on the defendant. If the threshold requirement of actual prejudice is met, the court must then consider the Government's reasons for the delay, balancing the prejudice to the defendant with the Government justification for delay ... The basic inquiry then becomes whether the Government's action in prosecuting after substantial delay violates "fundamental conceptions of justice" or "the community's sense of fair play and decency." *U.S. v. Automated Medical Laboratories, Inc.,* 770 F.2d 399, 403–404 (4th Cir.1985); *see United States v. Lovasco,* 431 U.S. 783, 790, 97 S.Ct. 2044, 2049, 52 L.Ed.2d 752 (1977).

Applying this rule, the Court concludes that neither Defendant has met the burden of proving actual prejudice from the Government's delay in filing the indictment. McGrier's allegations of prejudice are completely non-specific and witnesses for Thomas apparently are available. Accordingly the Court **DENIES** the motion to dismiss count one based on the Fifth Amendment.

### COUNT TWO

█ Lastly, McGrier moved to dismiss count two, charging him with carrying and using a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1).

When an indictment is returned more than thirty days after arrest, the Speedy Trial Act requires dismissal of counts alleging *the specific charge contained in the original complaint.* McGrier claims that counts which merely "gild" the complaint's specific charge must also dismissed if filed outside this thirty day deadline. Various federal circuits have recognized this "gilding" exception. *See United States v. Velasquez,* 890 F.2d at 719; *United States v. Napolitano,* 761 F.2d 135, 138 (2d Cir.1985); *United States v. DeTienne,* 468 F.2d 151, 155 (7th Cir.1972).

None of these decisions have applied the gilding concept to charges alleging an offense

that is "separate and distinct ... requiring proof of different elements." *United States v. Velasquez,* 890 F.2d at 719–720. Reviewing McGrier's indictment, the count one charge for drug conspiracy clearly involves the proof of elements different and thus distinct from the count two firearm charge. The Court therefore **DENIES** McGrier's motion to dismiss count two.

Accordingly the Court **GRANTS** McGrier's motion to dismiss count one of the indictment based on the Speedy Trial Act, and **ORDERS** count one dismissed without prejudice with respect to McGrier. The Court **DENIES** all other motions to dismiss.