**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3665

_____

United States of America,          *
                                   *
          Appellee,                *     Appeal from the United States
                                   *     District Court for the Western
v.                                 *     District of Arkansas.
                                   *
Timothy N. Van Someren,            *
                                   *
          Appellant.               *

_____

Submitted: March 12, 1997

Filed: July 3, 1997

_____

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and
NANGLE,[*] Senior District Judge.

_____

NANGLE, Senior District Judge.


     Appellant Timothy Van Someren appeals the denial of his motion
to dismiss the indictment.  Prior to the trial which resulted in
his conviction on two counts of filing fraudulent income tax
returns in violation of 26 U.S.C. § 7206(1), appellant filed this
motion, contending that the Speedy Trial Act, 18 U.S.C. § 3161-
3174, mandated the dismissal of the indictment.  We affirm.


I.


_____

     [*]The Honorable John F. Nangle, Senior United States District
Judge for the Eastern District of Missouri, sitting by
designation.

On June 14, 1995, appellant was indicted on three counts of filing false income tax returns, as prohibited in 26 U.S.C. § 7206(1). Appellant was arraigned on these charges on July 5, 1995. The trial began on October 10, 1995. On October 13, 1995, after an acquittal on the third count of the indictment, the district court[1] declared a mistrial on the first two counts. On that same day, the court issued an order instructing the Government to notify the court by October 30, 1995, if the Government intended to retry appellant on the first two counts of the indictment.

On October 17, 1995, the Government sent a letter to appellant detailing the terms of a proposed plea agreement. Negotiations continued on that plea agreement until October 26, 1995, when the Government sent the district court a letter informing the court of the ongoing negotiations and requesting an extension of the time period for the Government to decide whether to try appellant. The district court granted that extension, giving the Government until November 1, 1995, to make their determination.

On November 1, 1995, under cover letter by defense counsel, the signed plea agreement was submitted to the district court for approval. From November 1, 1995, until March 22, 1996, the district court considered the plea agreement, taking the requisite steps, including ordering a presentence report from the United States Probation Office and requiring responses by both parties to various concerns the district court had with the plea agreement. After a hearing on March 22, 1996, the court refused to accept the plea agreement.

---

[1]The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.

On April 3, 1996, the Government filed a motion to dismiss, seeking the voluntary dismissal of the remaining two counts of the indictment. On April 25, 1996, the Government filed a request to withdraw the motion to dismiss. In this document, the Government indicated that it would be seeking a superseding indictment. The district court granted the withdrawal of the motion to dismiss on April 26, 1996.

On May 8, 1996, the Government obtained a superseding indictment charging appellant with two counts of violating 26 U.S.C. § 7206(1), one count each for the tax years 1988 and 1989. Appellant was arraigned on the charges contained in the superseding indictment on May 21, 1996.

On June 6, 1996, the Government filed a motion to amend the jury instructions. Appellant responded to this motion on June 11, 1997. The district court denied the Government's motion on June 12, 1997.

Appellant's second trial commenced on July 8, 1996. On the morning of July 8, 1996, appellant filed a motion to dismiss the indictment for violation of the Speedy Trial Act. In that motion, as in his appellate brief, appellant notes that two-hundred sixty seven (267) days passed between the declaration of mistrial and the beginning of the second trial. Appellant argued that at least ninety-three (93) of those days were not excusable under the Speedy Trial Act. The district court rejected appellant's arguments and denied the motion on July 8, 1996.

On July 10, 1996, the jury returned a verdict of guilty on both counts of the superseding indictment. On October 3, 1996, appellant was sentenced to a prison term of eight (8) months, a supervised release term of one (1) year and a one-hundred dollar

3

($100.00) special assessment. On October 4, 1996, the judgment and commitment was entered and on October 8, 1996, appellant timely filed his notice of appeal.

## II.

The Speedy Trial Act provides, in relevant part:

(e) If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final. . . . The periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section.

18 U.S.C. § 3161(e). "If a defendant is not brought to trial within the time limit required by section [3161(e)] as extended by [the excluded delays of] section 3161(h), the information or indictment shall be dismissed on motion of the defendant." United States v. Blankenship, 67 F.3d 673, 675 (8th Cir. 1995) (citing 18 U.S.C. § 3162(a)(2) (emphasis added)). In the context of the Speedy Trial Act, we review the district court's findings of fact for clear error and the district court's legal conclusions de novo. Id. See also United States v. Duranseau, 26 F.3d 804, 808 (8th Cir.), cert. denied, 115 S.Ct. 341 (1994).

In this case, the district court found that there was no violation of the Speedy Trial Act, finding that each of the time periods relied upon by appellant was excluded from the speedy trial calculation by section 3161(h). Similarly finding no violation of the Act, we affirm the district court's decision to deny appellant's motion to dismiss.

## III.

**A. The Date the "Action Occasioning Retrial Became Final."**

4

As a threshold matter, we must first determine when the "action occasioning retrial became final." For, if we find as the district court did - and the Government now argues - that the "action occasioning retrial" was the district court's grant of the Government's withdrawal of the motion to dismiss, then our inquiry ends at this point. If the speedy trial clock did not begin "ticking," as the district court held, until April 26, 1996, then even if all of appellant's remaining arguments are correct, there is no violation of the Act.

The district court found that the speedy trial clock did not begin running until April 26, 1996, because "[i]t would have been foolhardy . . . to set this matter for retrial when the Court was being led to believe that it probably wasn't going to be necessary."[2] The district court continued by stating that the action occasioning retrial was ". . . at the very earliest . . . when [the Government's] motion to dismiss was withdrawn. That's when the United States by its action advised the Court that it intended to retry the case."[3]

This Court, however, has stated that "[b]y its terms, section 3161(e) requires that a defendant be retried within seventy days of the declaration of a mistrial." United States v. Gleason, 766 F.2d 1239, 1244 (8th Cir. 1985). The clear language of the statute and the prior interpretation by this Court indicate that the declaration of the mistrial is the "action occasioning the retrial." Thus, the Speedy Trial "clock" began running on October 13, 1995. Accordingly, we now proceed to appellant's arguments concerning the district court's exclusion of certain periods of

---

[2]Trial Transcript at 90.

[3]Id. at 91.

time between the declaration of mistrial and the beginning of the second trial.

**B.  October 14, 1995 to October 31, 1995 — Eighteen (18) Days.**

This period represents the time between the declaration of the mistrial and the submission of the proposed plea agreement to the district court.  The district court held that this time was excludable for two reasons: first, that the time given to the Government to decide whether to retry the defendant was "entirely appropriate", and second, that the time was excludable because plea negotiations were in progress.[4]  We will deal with each of these findings in turn.

**1.  Time to Determine Whether Defendant Would Be Retried.**

The court gave the government until October 31, 1995 to decide whether or not to retry the defendant.  This Court has recognized that the exclusion provided for by § 3161(h)(1)(F)[5] includes time to submit information and/or materials to the district court in order to properly dispose of an issue. See Blankenship, supra, at 676.  Clearly, there are no motions at issue here, nor does the instant case appear to fit within the confines of the Blankenship decision.  What we do have, however, is a specific request by the court for the Government to inform the court by a date certain whether or not it

---

[4]Unfortunately, because the district court made oral findings of fact and conclusions of law, it is difficult to discern which sections of 3161(h) the district court relied upon in determining that each of the time periods at issue in this case was excludable.

[5]This subsection excludes the period of delay from the filing of a pretrial motion through the conclusion of a hearing.

6

intended to retry the defendant. The Seventh and Ninth Circuits have recognized that time used by the parties for consideration, preparation, and response to <u>specific requests</u> by the court is excludable. <u>See</u>, <u>e.g.</u>, <u>United States v. Hoslett</u>, 998 F.2d 648, 657 (9th Cir. 1993); <u>United States v. Montoya</u>, 827 F.2d 143, 153 (7th Cir. 1987). The specific requests in each of these cases dealt with motions; however, the request by the court in the instant case is backed by the same rationale as the courts in <u>Hoslett</u> and <u>Montoya</u>. In all of these cases, the court needed additional information to properly dispose of an issue. In <u>Hoslett</u> and <u>Montoya</u>, the issue happened to be the resolution of motions; in the instant case, the court admittedly could not set a trial schedule until it resolved the issue of whether or not the Government would retry the defendant. Given the necessity of this information to the court's ability to properly dispose of the matter before it, we find that this time should similarly be excluded under the "other proceedings" section 3161(h)(1). Thus, the court was correct in determining that the time from October 14, 1995 to October 27, 1995 was excludable to allow the government to decide whether it was going to retry the defendant.

**2. Plea Negotiations.**

Although we have just determined that the entire time period is indeed excludable, an alternative ground exists for all but four (4) of the days in question: that the time should be excluded because the parties were engaged in plea negotiations.

7

Appellant asserts that the district court relied on 18 U.S.C. § 3161(h)(1)(I).  That section provides for the exclusion of time attributable to any "delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government."  18 U.S.C. § 3161(h)(1)(I).  Appellant argues that this section allows exclusion of time only for those delays resulting from "consideration by the court" of a proposed plea agreement.  Appellant's Brief at 21.  Thus, appellant contends, the exclusion does not apply until the proposed plea agreement is finalized and submitted to the court.  Id.  (citing United States v. Velasquez, 890 F.2d 717, 719 (5th Cir. 1989)).  Therefore, appellant believes that all eighteen (18) days of this period should count toward the Speedy Trial clock.

The Velasquez case, however, is distinguishable from the case at bar.  In Velasquez, "[t]he records indicate[d] that the parties discussed but did not finalize a plea agreement, and it [was] clear that no agreement was ever submitted to the court for consideration."  Id.  Accordingly, the Fifth Circuit found that the time spent in the plea negotiations were not excludable from the speedy trial calculation.  In the present case, on the other hand, a finalized plea agreement was submitted to, but rejected by, the court.

We do agree, however, that § 3161(h)(1)(I) does not exclude the time spent on plea negotiations, though it does not necessarily follow that the time should count toward the speedy trial clock.  A number of circuits have determined that time expended on plea negotiations is excludable under other sections of § 3161(h).  For example, in United States v. Montoya, 827 F.2d 143 (7th Cir. 1987), the Seventh Circuit held that the plea bargaining process can "qualify as one of many 'other proceedings' under the generic exclusion of section 3161(h)(1)."  Id. at 150.  The court found

8

that § 3161(h)(1)(D) allows "the government [to] exclude '[a]ny period of delay resulting from other proceedings concerning the defendant, *including but not limited to . . .* delay resulting from trial with respect to other charges against the defendant. . . .'" Id. (emphasis in original) (citing 18 U.S.C. § 3161(h)(1)(D)). "Thus," the court continued, "negotiating a plea bargain could be considered a proceeding other than trial, or preparation for trial, that qualifies for the exclusion." Id. (citing United States v. Goodwin, 612 F.2d 1103, 1105 (8th Cir. 1980)).

Similarly, the Sixth Circuit, in United States v. Bowers, 834 F.2d 607 (6th Cir. 1987), held that "the plea bargaining process can qualify as one of many 'other proceedings.'" Id. at 610 (citing Montoya, supra, at 150). In Bowers, the defendant failed to communicate his rejection of the tentative plea agreement for half of the speedy trial period. While the court recognized that "[t]he district court was justified in its stated belief that these circumstances constituted an 'extreme case'," id.,that finding does not appear to have been crucial factor in the case. The court found that the plea bargaining process was a "delaying circumstance[] that ought not be charged to the government." Id.

Finally, in United States v. Fields, 39 F.3d 439, 445 (3rd Cir. 1994), the Third Circuit saw "no reason why an 'ends of justice' continuance may not be granted in appropriate circumstances to permit plea negotiations to continue." Id. (citing United States v. Williams, 12 F.3d 452, 460 (5th Cir. 1994)). While the Fields court expressed a belief that such continuances should be granted sparingly, the case remains relevant for the proposition that time spent on plea negotiations is excludable from the Speedy Trial Act calculation. It is also

useful to note the <u>Fields</u> court's favorable citation of the holding in <u>Montoya</u>.

Accordingly, we determine that the time spent on plea negotiations is excludable.  Given the fact that no continuance was requested or granted, the "ends of justice" continuance provision is irrelevant.  Instead, we exclude the plea negotiations as a "proceeding involving defendant" under § 3161(h)(1).  Thus, at the very least, fourteen (14) of the eighteen (18) days questioned by appellant are excludable from the speedy trial calculation.  Because we determined that the entire period is excludable, however, the first period contains no days attributable to the speedy trial clock.

## C.  March 23, 1996 to April 2, 1996 — 11 days.[6]

This period extends from the day after the court's denial of the proposed plea agreement to the day before the Government filed its motion to dismiss.  The district court found that this time was excludable because it was "reasonable" to give the Government time to determine whether it would retry the defendant.  For the same reasons as set forth in § B.1., <u>supra</u>, we find that this time was properly excluded.

## D. May 9, 1996 to May 20, 1996 — 12 days.[7]

---

[6]The parties do not dispute that the time from November 1, 1995 to March 22, 1996 is excludable time, because the district court was considering the proposed plea agreement.

[7]The parties do not dispute that the time between March 23, 1996 and April 27, 1996 is excludable time, because the court was considering the motion to dismiss.  Additionally, there is no dispute that April 27, 1996 through May 7, 1996, and May 22, 1996

10

On May 8, 1996, the government obtained a superseding indictment, so that day is excluded. Appellant claims that nothing transpired between May 9, 1996 and May 20, 1996, so these days should be counted towards the speedy trial time. Specifically, appellant argues that because the superseding indictment was so similar to the previous indictment, there was no need to re-arraign the defendant. Therefore, appellant asserts that the time between indictment and arraignment is not excludable. While appellant does not concede the exclusion of May 21, 1996, the date of the arraignment, because it is not necessary to re-arraign following a superseding indictment, appellant does not stress this argument, either. In any event, in light of the remainder of our holdings, the exclusion or non-exclusion of this one day is irrelevant to the speedy trial calculation.

In determining that this time is excludable, we rely on the reasoning espoused in the case of <u>United States v. McKay</u>, 30 F.3d 1418, 1419-20 (11th Cir. 1994). In <u>McKay</u>, the Eleventh Circuit Court of Appeals affirmed the district court's determination that the time between a superseding indictment and the subsequent re-arraignment was excludable under the 18 U.S.C. § 3161(h)(6) exclusion. The court recognized that the Speedy Trial Act "permits the exclusion of time between the *dismissal* of an indictment and the subsequent indictment or appearance before a judge on the new charge (whichever is later)." <u>Id.</u>

---

through June 6, 1996 are not excludable periods of time, as nothing transpired during these time periods.

The court went on to find that the filing of "a superseding indictment has the same effect as dismissing an original indictment and filing a new indictment . . . ." <u>Id.</u> at 1420. We agree with this assessment and the court's determination that, as a result, the two events should be treated equally. Thus, because the Speedy Trial Act permits the exclusion of time between the dismissal of the indictment and the later of the subsequent indictment or arraignment, the time between the superseding indictment and rearraignment in the instant case was properly excluded by the district court. Accordingly, at least thirteen (13) days are excluded from the speedy trial calculation.

E. **June 7, 1996 to July 7, 1996.**

There is no dispute that the time from June 7, 1996 to June 12, 1996 is excludable, as the court was considering the government's motion to amend jury instruction. Additionally, although appellant raises this time period in his brief, there is no dispute that the time from June 13, 1996 to July 7, 1996 is non-excludable.

F. **Summary.**

| Dates | Included | Excluded |
|---|---|---|
| Oct. 14, 1995 to Oct. 31, 1995 | | 18 days |
| Nov. 1, 1995 to Mar. 22, 1996 | | 142 days |
| Mar. 23, 1996 to Apr. 2, 1996 | 11 days | |
| Apr. 3, 1996 to Apr. 26, 1996 | | 24 days |

12

| | | |
|---|---|---|
| Apr. 27, 1996 to May 7, 1996 | 11 days | |
| May 8, 1996 to May 21, 1996 | 1 day | 13 days |
| May 22, 1996 to June 6, 1996 | 16 days | |
| June 7, 1996 to June 12, 1996 | | 6 days |
| June 13, 1996 to July 7, 1996 | 25 days | |
| **TOTALS** | **53 days** | **215 days** |

## CONCLUSION

Because the fifty-three (53) days included in the speedy trial calculation falls far short of the required seventy (70), the district court properly denied defendant's motion to dismiss.

Accordingly, we affirm the judgment of the district court.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

14