# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3375

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Cesar Alejandro Contreras, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  June 10, 2003

Filed:  September 3, 2003

_____

Before BOWMAN, BEAM, and BYE, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Cesar Contreras appeals the judgment of the District Court[1] denying his motion to dismiss his indictment for illegal reentry after deportation and the District Court's calculation of his criminal history for sentencing purposes.  We affirm.

On September 24, 2001, agents of the Tri-State Drug Task Force arrested Contreras in Sioux City, Iowa, on a federal drug charge.  The following day, Brian

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

Nelson of the Immigration and Naturalization Service (INS) interviewed Contreras. During that interview, Contreras admitted he was a citizen of Mexico and that the Government previously had deported him. Subsequently, Nelson placed a detainer on Contreras because he was in the custody of the U.S. Marshal Service. The detainer requested that the Marshal Service notify the INS if it released Contreras from custody.

Thirty-one days after his arrest, a grand jury indicted Contreras on the drug charge. On November 13, 2001, Contreras filed a motion to dismiss that indictment, alleging an excessive delay in bringing the indictment. On February 28, 2002, the District Court dismissed the indictment with prejudice. Prior to that dismissal, the grand jury, on January 23, 2002, returned a second indictment charging Contreras with one count of illegal reentry after deportation. See 8 U.S.C. § 1326(a)–(b) (2000). Contreras made his initial appearance, and a magistrate arraigned him on the illegal-reentry charge on February 1, 2002. On April 2, 2002, Contreras filed a motion to dismiss this second indictment, again alleging negligent delay. The District Court denied the motion, finding that the Government did not arrest Contreras on the illegal reentry offense on September 24, 2001, and that the Government did not charge him with that offense until January 23, 2002. Contreras entered a conditional plea of guilty to the illegal-reentry charge.

During sentencing on the illegal-reentry charge, the District Court determined that Contreras's two drug-trafficking convictions and his conviction for possession of stolen property in Oklahoma state court on January 22, 1999, did not count as "related cases" for purposes of calculating his criminal history. See United States Sentencing Guidelines (U.S.S.G.) § 4A1.2(a)(2) (2002). The District Court sentenced Contreras to fifty-seven months of imprisonment.

We review a district court's findings of fact concerning any negligent delay in bringing an indictment for clear error and its legal conclusions on that issue de novo.

United States v. Van Someren, 118 F.3d 1214, 1216 (8th Cir. 1997). In this case, Contreras argues that his right to a prompt appearance before a judicial officer and to a speedy indictment under 18 U.S.C. § 3161(b)(2000)[2] were violated when the Government held him on the INS detainer from September 25, 2001, until it indicted him on the illegal-reentry charge on January 23, 2002. Contreras concedes that an INS detainer generally does not constitute an arrest for speedy indictment purposes. See Appellant/Cross-Appellee's Br. at 7; see e.g., United States v. Tejada, 255 F.3d 1, 3 (1st Cir) (noting that illegal-reentry charge "is a status offense that does not trigger the protections of Rule 5(a) until the criminal process has been initiated against the defendant alien"), cert. denied, 534 U.S. 1068 (2001). Nonetheless, he alleges that the detainer was used as a pretext to hold him while the Government explored other possible charges, and, thus, he was arrested for speedy indictment purposes. Id. at 8–9.

We reject this argument. The Government did not initiate the illegal-reentry charge until January 23, 2002, when the grand jury indicted Contreras on that charge. Until that time, Contreras was in custody on the federal drug charge. After dismissal of the drug charge, the Government held Contreras on the illegal-reentry charge. Contreras's indictment on the illegal-reentry charge was timely because it was filed within thirty days of his arrest on that charge. See 18 U.S.C. § 3161(b). Moreover, Contreras has presented no evidence to support his claim that the government deliberately employed delaying tactics in filing the INS detainer. In fact, as the District Court observed, the INS lacked sufficient evidence to submit to the U.S. Attorney in support of the illegal-reentry charge until it received Contreras's alien file on October 25, 2001, more than a month after the Government arrested him on the drug charge. Order at 5.

_____

[2]That provision of the Speedy Trial Act provides, "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with summons in connection with such charges." 18 U.S.C. § 3161(b).

Contreras also argues that the District Court erred in failing to treat his prior offenses in Oklahoma in 1999 for drug trafficking and possession of stolen property as related offenses for sentencing purposes. Our review of this issue is for clear error. United States v. Symonds, 260 F.3d 934, 936–37 (8th Cir. 2001). Contreras's two convictions for drug trafficking in 1999 arose from his arrest in June 1998 for distribution of marijuana and possession with intent to distribute marijuana. During this arrest, the police officers also found that Contreras was in possession of some scales, which had been stolen from a restaurant where he worked. Contreras's sentences on these state offenses, while docketed separately, ran concurrently. There is no record of any judicial order consolidating these cases. At Contreras's sentencing on the illegal-reentry charge, the District Court determined that these offenses were not related for sentencing purposes. Tr. of Sentencing at 44–45 (Sept. 17, 2002).

Here, Contreras argues that these offenses were related because they were part of a single scheme or plan and because they were consolidated for sentencing. Appellant/Cross Appellee's Br. at 12. These arguments are without merit. First, Contreras stole and possessed the scales prior to committing the drug trafficking offenses. As such, these offenses were not part of a single scheme or plan. See U.S.S.G. § 4A1.2cmt.3. In addition, we conclude that these offenses were not related merely because they were consolidated for sentencing. As is the case here, "two or more sentences imposed at the same time are not related for purposes of § 4A1.2(a)(2) if the cases proceeded to sentencing under separate docket numbers, and there was no formal order of consolidation." United States v. Piggie, 316 F.3d 789, 796 (8th Cir. 2003) (internal quotation and citations omitted), petition for cert. filed, (U.S. June 10, 2003) (No. 02-11143)

Accordingly, for the reasons stated, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.