# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1825

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska |
| Otis L. Walker, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 8, 2004

Filed: April 9, 2004

_____

Before RILEY, McMILLIAN and MELLOY, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Otis L. Walker appeals from a final order entered in the District Court[1] for the District of Nebraska finding him guilty of conspiracy to commit bank larceny and bank larceny pursuant to a plea agreement and sentencing him to 46 months imprisonment, 3 years supervised release, restitution in the amount of $212,634.00, and a special assessment of $200.00. For reversal Walker argues that the district court erred in holding that the superseding indictment did not in effect dismiss the

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

original indictment. For the reasons discussed below, we affirm the order of the district court.

The district court had jurisdiction over this criminal prosecution under 18 U.S.C. § 3231. The court of appeals has jurisdiction over the appeal under 28 U.S.C. § 1291. Walker timely filed a notice of appeal under Fed. R. App. P. 4(b).

The underlying facts are not disputed, but the procedural history is somewhat complicated. The only issue on appeal is a legal question which we review de novo.

On September 18, 2002, robbers stole $300,000.00 from an armored car parked outside a Super Saver store in Omaha, Nebraska. Over half the money was insured by the Federal Deposit Insurance Corp. Investigation by the local police and the FBI determined that the robbery was planned by Walker, Danny Reaves and Ronnie Lawrence. Lawrence was one of the drivers of the armored car. As planned, Walker and Reaves maced Lawrence while he sat in the armored car and then took the money. They split the money three ways after the robbery. Walker was arrested about a week later and admitted planning and carrying out the robbery with Reaves and Lawrence.

On October 24, 2002, a federal grand jury indicted Walker, Reaves and Lawrence in connection with the armored car robbery. Walker was charged in 4 of 5 counts with conspiracy to commit bank larceny (count I), bank larceny (count II), and possession of stolen bank funds (counts III and IV). Walker initially entered a plea of not guilty, but, following a proffer agreement and a written plea agreement, he changed his plea and tendered a plea of guilty to counts I and II. The government agreed to dismiss counts III and IV and not to federally prosecute him for any violations of federal law of which the government then had actual knowledge except

for counts I and II. The magistrate judge[2] recommended that the plea agreement be accepted. Walker cooperated and provided information about Craig Roberts's involvement in the armored car robbery.

On January 23, 2003, before the district court could rule on the report and recommendation about the guilty plea, a federal grand jury returned an 8-count superseding indictment against the same defendants (Walker, Reaves and Lawrence) and Roberts. Subsequent investigation-- including Walker's cooperation-- determined that Roberts was a co-conspirator and had perjured himself before the grand jury. Walker was charged in counts I-IV as in the original indictment and in new count V (possession of stolen bank funds) as a co-conspirator of Roberts for possession of stolen bank funds.

On February 3, 2003, the district court rejected the magistrate judge's recommendation to accept Walker's guilty plea as moot because of the superseding indictment.

On February 5, 2003, Walker filed a motion to dismiss the superseding indictment, arguing that by filing the superseding indictment the government breached the plea agreement which provided that Walker would not be prosecuted for any violations of federal law of which the government then had actual knowledge or charged with conduct that had been dismissed as part of the plea agreement (the two counts of possession of stolen bank funds). Walker also argued that the government violated the plea agreement by using information provided by him during his proffer to charge him with additional crimes (Roberts's possession of stolen bank funds). Walker requested dismissal of the superseding indictment, prosecution of his case

---

[2]The Honorable Kathleen A. Jaudzemis, United States Magistrate Judge for the District of Nebraska.

under the original indictment, specific performance of the plea agreement, and sentencing as originally scheduled.

Walker was arraigned on counts I-IV of the superseding indictment at the same time as an evidentiary hearing was held on the motion to dismiss. At the hearing the government acknowledged that Walker had fully complied with the plea agreement. The parties stipulated that the government relied on Walker's proffered information in charging Roberts. The government agreed to dismiss count V of the superseding indictment (the count based on Walker's proffered information) against Walker. The government explained that it was not the government's intention to add any charges or change Walker's legal position in the superseding indictment; rather, the government wanted to make sure "out of an abundance of caution" that, if the superseding indictment were held to have supplanted or displaced the original indictment, there would still be charges pending against Walker. Defense counsel noted that the dismissed count could still be considered against Walker as relevant conduct for purposes of sentencing.

On February 26, 2003, the magistrate judge recommended that the motion to dismiss be granted. The magistrate judge determined that the government breached the plea agreement by filing the superseding indictment recharging Walker with conduct that was to be dismissed pursuant to the plea agreement and by using information obtained pursuant to the proffer agreement as a basis for count V of the superseding indictment. The magistrate judge concluded that Walker was entitled to specific performance of the plea agreement, that is, to plead guilty to counts I and II of the original indictment. However, the magistrate judge reasoned that, because of the superseding indictment, the original indictment was "no longer in effect," and therefore recommended granting "in full" the motion to dismiss, that is, dismissal of all charges against Walker.

The government filed objections to the magistrate judge's report and recommendation. The government objected to the dismissal of all charges against Walker, noting that dismissal of all charges against Walker would make specific performance of the plea agreement impossible. The government also objected to the finding that the government had violated the plea agreement and to the conclusion that the superseding indictment had completely supplanted the original indictment.

The district court agreed with the magistrate judge that the government violated the plea agreement by filing the superseding indictment. The district court noted that the fact that the violation was inadvertent was not relevant. However, the district court also found that the proffer agreement was not violated by the filing of the superseding indictment only because the proffer agreement was not in evidence and the colloquy at the evidentiary hearing and the stipulation were insufficient to support such a finding. The district court also agreed with the magistrate judge that Walker was entitled to specific performance as a remedy for the government's violation of the plea agreement.

The district court then considered the effect of the superseding indictment on the original indictment. The district court agreed with the government that this circuit's case law was ambiguous on the issue. The district court considered the case law in other circuits but could not find "any authority that authoritatively states that an original indictment is automatically expunged upon the filing of a superseding indictment." The district court concluded that the original indictment continued to exist after the filing of the superseding indictment. Accordingly, the district court dismissed the superseding indictment against Walker and directed that the case proceed against Walker on the original indictment. Walker pleaded guilty to counts I and II, and the government dismissed counts III and IV. The district court sentenced Walker to 46 months imprisonment, 3 years supervised release, restitution in the amount of $212,634.00, and a special assessment of $200.00. This appeal followed.

For reversal Walker argues that the district court erred in holding that the original and superseding indictments can co-exist. He argues that the filing of the superseding indictment in effect dismisses the original indictment and files a new indictment. He thus argues that the district court should have dismissed the superseding indictment, leaving no charges at all pending against him, as the remedy for the government's breach of the plea agreement.

In support of his argument, Walker cites cases from this circuit involving speedy trial issues. For example, in United States v. Van Someren, 118 F.3d 1214 (8th Cir. 1997), the defendant argued that the time between the filing of the superseding indictment and re-arraignment should not have been excluded for speedy trial purposes. The court concluded that the time was excludable and relied on United States v. McKay, 30 F.3d 1418, 1419-20 (11th Cir. 1994). In that case the court held that the time between a superseding indictment and the subsequent re-arraignment was excludable for speedy trial purposes because the Speedy Trial Act permits exclusion of "time between the dismissal of an indictment and the subsequent indictment or appearance before a judge on the new charge (whichever is later)." Id., citing 18 U.S.C. § 3161(h)(6). The court concluded that the filing of "a superseding indictment has the same effect as dismissing an original indictment and filing a new indictment." Id. The Van Someren court agreed with McKay that the two events-- the original indictment and the superseding indictment-- should be treated equally for speedy trial purposes and held that the time between the superseding indictment and re-arraignment was properly excluded from the speedy trial calculation. 118 F.3d at 1219.

Assuming for purposes of analysis that the case law in this circuit is ambiguous on the issue, we think that the district court correctly held that the superseding indictment and the original indictment can co-exist. Other circuits have clearly stated that a superseding indictment does not in effect dismiss the original indictment and that both indictments can co-exist. See, e.g., United States v. Vavlitis, 9 F.3d 206,

209 (1st Cir. 1993) (holding superseding indictment did not "instantaneously nullify" original indictment; superseding indictment was dismissed mid-trial and trial proceeded on original indictment); <u>United States v. Bowen</u>, 946 F.2d 734, 737 (10th Cir. 1991) ("We have found no authority which supports the proposition that a superseding indictment zaps an earlier indictment to the end that the earlier indictment somehow vanishes into thin air."); <u>United States v. Friedman</u>, 649 F.2d 199, 202 (3d Cir. 1981) (holding that grand jury's return of superseding indictment did not "void" original indictment).

We believe that the cases cited by Walker are distinguishable. Those cases involve timing issues in the context of speedy trial calculations. The present case does not involve speedy trial issues.

We note that the district court did what defense counsel requested at the evidentiary hearing, that is, the district court dismissed the superseding indictment and the case proceeded under the original indictment and the plea agreement.

Accordingly, the order of the district court is affirmed.

_____