# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 28, 2013

No. 12-30262

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

GAIL RAY DIGNAM,

Defendant – Appellant

Appeal from the United States District Court
for the Middle District of Louisiana

Before DAVIS, GRAVES, and HIGGINSON, Circuit Judges.

HIGGINSON, Circuit Judge.

Gail Ray Dignam appeals her conviction for mail fraud, arguing that the district court violated the Speedy Trial Act, 18 U.S.C. §§ 3161–3174.  Because we conclude that the delays prompted by defense counsel's motions to continue, and by the parties' joint notice of intent to enter a guilty plea, were properly excludable under the Act, we AFFIRM.

## PROCEDURAL HISTORY

Dignam was indicted for two counts of mail fraud on February 17, 2010. She directed the Governor's Program on Abstinence, a state-funded organization formed to facilitate abstinence education in Louisiana schools.  Dignam was

accused and later convicted of orchestrating a scheme to fraudulently direct state funds to her son.

## A.     Continuances Requested By Defense Counsel

Dignam, represented by Anthony Bertucci, entered a plea of not guilty before a magistrate judge for the Middle District of Louisiana on March 1, 2010. The trial date was set for May 10, 2010 before Chief Judge Ralph E. Tyson.

On April 19, 2010, Dignam moved for a continuance of the trial. In the motion, her attorney, Bertucci, stated that he was scheduled for total hip replacement surgery on April 21, that the surgery would prevent him from adequately preparing for trial, and that neither Dignam nor the government objected to the motion.

Chief Judge Tyson granted the motion for continuance on April 19, stating only that "The motion to continue is GRANTED." On April 26, Chief Judge Tyson entered a second order on the motion for continuance, reassigning the trial date for August 11, 2010, and stating in full:

> Considering the foregoing motion;
>
> IT IS ORDERED that the court finds the ends of justice outweigh the best interest of the public and the defendant in a speedy trial, therefore, the motion to continue is granted and the trial of this matter is reassigned for Wednesday, August 11, 2010, at 9:00 a.m. Requested voir dire and proposed jury charges shall be filed not later than Wednesday, July 28, 2010.

Dignam filed a "second motion to continue trial" on July 2, 2010. The motion stated that Bertucci's surgery had been delayed and was actually performed on May 18, 2010, and the recovery period "has hampered [Bertucci's] ability to adequately prepare for the trial on August 11, 2010." Again, the motion stated that neither Dignam nor the government objected to the continuance, and it "humbly suggested that it is in the best interest of all

No. 12-30262

parties, including the public interest in the Speedy Trial Act, to consider this Motion."

Chief Judge Tyson granted the second motion to continue on July 14, 2010. The order stated, in full:

> Considering the foregoing motion;
>
> IT IS ORDERED that the court finds the ends of justice outweigh the best interest of the public and the defendant in a speedy trial, therefore, the motion to continue is granted and the trial of this matter will be reassigned at a later date.

On November 12, 2010, the district court reassigned the trial date for February 28, 2011.

## B.   Plea Negotiations and Other Pre-Trial Proceedings

The government filed a "notice of intent to enter guilty plea" on February 16, 2011. The notice stated that Dignam and the government

> propose to enter into a Plea Agreement to be tendered to this Honorable Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. This Notice is entered in order to interrupt the Speedy Trial Clock pursuant to 18 U.S.C. § 3161(h)(1)(G).[1]

Although Dignam signed the plea agreement, it was not filed with the court.

Based on this notice, the district court scheduled a rearraignment for February 28, 2011 and requested that the government submit documents including the signed plea agreement to the court no later than 48 hours before the rearraignment.

On February 24, 2011, the government and Dignam filed a joint motion for a hearing on a potential conflict of interest regarding Bertucci. The government had discovered that a potential witness against Dignam had also been

---

[1] 18 U.S.C. § 3161(h)(1)(G) provides that "in computing the time within which the trial of any such offense must commence," certain periods of delay shall be excluded, including "delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government."

represented by Bertucci when he was interviewed by the government in September 2009. Although both Dignam and the potential witness wished to continue being represented by Bertucci, the parties requested a hearing in "an abundance of caution." They also requested a continuance of the rearraignment until the conflict of interest matter was resolved. On February 28, 2011, the district court granted the motion for a hearing and continued the rearraignment.

The conflict of interest hearing was held on April 27, 2011. The district court found that Dignam "knowingly, voluntarily and intelligently waives any potential conflict," and allowed Bertucci to remain as counsel. The government suggested that the rearraignment be held immediately, but Bertucci said he needed more time to prepare and also that he planned to file a motion for leave for Dignam to travel. The district court rescheduled the rearraignment for May 11, 2011.

The day after the hearing, April 28, 2011, Dignam filed a motion for leave to travel. The motion stated that she sought to be out of the country from April 30 to October 31, 2011, and requested a rearraignment date after October 31. Bertucci explained in the motion that he had been unaware at the hearing that Dignam's proposed travel dates would conflict with the rescheduled rearraignment date of May 11, 2011. The government opposed the motion. The district court denied Dignam's motion for leave to travel on May 4, 2011.

On May 5, 2011, Bertucci moved to withdraw as defense counsel due to Dignam's termination of his services the previous day. On May 11, the day scheduled for the rearraignment, the district court held a hearing on Bertucci's withdrawal. Dignam explained that she terminated Bertucci after reading the government's response to her motion for leave to travel. She said she had not intended to ask for the continuances Bertucci had requested, and he had misrepresented the amount of time she intended to travel. She again requested permission to travel, but only from May 18 to June 8. The district court denied

permission to travel, granted Bertucci's motion to withdraw as counsel, and rescheduled the rearraignment for August 17, 2011 so that Dignam could secure new counsel. The district court also expressed its frustration at the progression of the case and stated: "I am granting the last continuance that will be granted in this case . . . the next date that is set in this case . . . [will be] either a plea or a trial."

On July 18, 2011, Chief Judge Tyson passed away. The case was reassigned to Judge James J. Brady on July 22, 2011. At the August 17 rearraignment, the district court granted Joseph Marcal's motion to be enrolled as counsel for Dignam. Marcal stated his intention to file two motions: first, to withdraw a "coerced plea agreement," and second, to dismiss the indictment based on the district court's alleged violation of the Speedy Trial Act. The motion to withdraw the plea agreement asserted that Dignam was "effectively coerced to sign the plea agreement by her then attorney [Bertucci]." The district court scheduled a motion hearing for September 6, 2011, and scheduled trial for October 5, 2011. At the motion hearing, the government agreed that Dignam should be allowed to "withdraw" the plea agreement, because it was never filed with the court.[2]

The motion to dismiss the indictment argued that the delays attributable to Bertucci's motions to continue, and to the parties' notice of intent to file a guilty plea, were not excludable under the Act. The district court denied the motion on September 21, 2011. It found "the record is clear" that Chief Judge Tyson granted the continuances to allow Bertucci time to prepare for trial following his surgery; that granting the second continuance without specifying a trial date was not unreasonable; and that the notice of intent to plea triggered

---

[2] Dignam nonetheless presented argument that she was coerced into signing the agreement, in order to prevent the government from using it as evidence at trial. The district court found on the record that Bertucci did not coerce Dignam into signing the agreement.

excludable delay under 18 U.S.C. § 3161(h)(1)(G), which allows for "delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government."

Dignam filed a second motion to dismiss the indictment based on the Speedy Trial Act on September 27, 2011. Dignam asserted that the district court "never concluded that any time after February 28, 2011 was excludable" and that because there were "no pending pretrial motions or continuance orders in effect between May 11 and July 20, 2011, there was no excludable delay." The district court denied this motion on September 29, 2011, clarifying its finding that there was no speedy trial violation after February 28 because the plea agreement was under consideration by the court until it was "withdrawn" on September 6. Dignam moved for reconsideration of the denial of her second motion to dismiss on September 30, 2011, arguing again that a notice of intent to enter a plea cannot form the basis for excludable delay under 18 U.S.C. § 3161(h)(1)(G). The district court denied the motion.

## C.   Trial and Conviction

The district court held a three-day jury trial beginning on October 11, 2011. The trial was continued from October 6 to October 11 at defense counsel's request, so that he could conduct additional research, particularly to respond to the government's motion in limine. The district court granted the motion in limine on October 11, the first day of trial. On October 13, 2011, the jury found Dignam guilty of both counts of mail fraud. On March 12, 2012, the district court sentenced Dignam to 70 months of imprisonment on each count, to be served concurrently, one year of supervised release, and $4,500 in restitution.

## DISCUSSION

This court reviews the district court's factual findings supporting a ruling under the Speedy Trial Act for clear error and its legal conclusions *de novo. United States v. Parker,* 505 F.3d 323, 326 (5th Cir. 2007). A district court's

No. 12-30262

factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *United States v. Molina,* 469 F.3d 408, 413 (5th Cir. 2006).

The Speedy Trial Act "generally requires a [criminal] defendant's trial to start within 70 days of his indictment or his appearance before a judicial officer," whichever date last occurs. *United States v. McNealy*, 625 F.3d 858, 862 (5th Cir. 2010) (citing 18 U.S.C. § 3161(c)(1)). This serves two purposes: "to ensure a federal criminal defendant's sixth amendment right to a speedy trial and to reduce the danger to the public from prolonged periods of the defendant's release on bail." *United States v. Gonzales,* 897 F.2d 1312, 1315 (5th Cir. 1990).

But the Act also provides for eight types of delay that will toll the speedy trial clock. 18 U.S.C. § 3161(h). These include periods of delay resulting from the filing of pretrial motions, *id.* at § 3161(h)(1)(D); from the court's consideration of a proposed plea agreement, *id.* at § 3161(h)(1)(G); and from the district court's decision to grant a continuance because "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial," *id.* at § 3161(h)(7)(A). The district court found that the two challenged periods of delay in this case—resulting from the defense's requested continuances and from the parties' notice of intent to file a guilty plea—were excludable under the "ends of justice" provision and because the court was considering a proposed plea agreement, respectively.

## A.    Delays Resulting From Defense-Requested Continuances

In granting both continuances relating to defense counsel's hip surgery, the district court used language tracking the Act's "ends of justice" exception. A continuance granted by the district court can toll the speedy trial clock—whether granted *sua sponte* or on a party's motion—if the judge grants the continuance "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). The Act sets forth a non-exhaustive list of factors "which a

judge shall consider" in determining whether to grant a continuance under this provision. *Id.* at § 3161(h)(7)(B). These factors include whether failure to grant a continuance would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

The "ends of justice" provision furnishes "[m]uch of the Act's flexibility" because it "gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs." *Zedner v. United States*, 547 U.S. 489, 498-99 (2006). However, the Act requires the district court to make findings on the record explaining why it granted the continuance:

> No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In considering the timing element of this requirement, the Supreme Court has held that "the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance," and failure to make any express finding on the record cannot be harmless error. *Zedner*, 547 U.S. at 506-07. However, the Court also noted that the Act is "ambiguous on precisely when those findings must be set forth, in the record of the case." *Id.* at 507. The Court concluded that "at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2)." *Id.*[3]

---

[3] 18 U.S.C. § 3162(a)(2) provides that if "a defendant is not brought to trial" within the Act's time limits, as extended by the § 3161(h) exclusions, "the information or indictment shall

No. 12-30262

In this case, Judge Brady made written findings in ruling on Dignam's § 3161(a)(2) motion to dismiss. Judge Brady found that although Chief Judge Tyson did not explain his reasons for granting the continuances, "the record is clear" that he did so because of defense counsel's need for additional preparation time following his total hip replacement surgery.

Normally, because the district court "set forth specific findings" that were made in the judge's mind before granting the continuance, its reasoning would satisfy the requirements of § 3161(h)(7)(A). *See Zedner*, 547 U.S. at 507; *United States v. Hale*, 685 F.3d 522, 535 (5th Cir. 2012); *United States v. McNealy*, 625 F.3d 858, 863 (5th Cir. 2010). Because Chief Judge Tyson is deceased, however, Dignam argues that his reasons for granting the continuance "can never be known." She asserts that a district judge's findings at the motion to dismiss stage cannot suffice to explain a *different* judge's decision to grant the continuances.

A successor judge's later articulation of a predecessor judge's reasoning does not frustrate the "two-fold" purpose of the Act's requirement that the court set forth its reasons for granting a continuance. Those purposes are, first, to establish "that a clear record will exist for appeal," and second, to ensure "that the trial court will carefully consider all relevant factors." *United States v. Williams*, 12 F.3d 452, 460 (5th Cir. 1994); *see also United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding that a judge's later explanation "create[d] a record for review and . . . demonstrate[d] that he has given the matter the careful consideration which the Act requires."). A successor judge's articulation of reasons gives this court a sufficient record to evaluate the merits of the district court's decision on appeal. While allowing the district court to make

---

be dismissed on motion of the defendant." The Court instructed, however, that "the best practice, of course, is for a district court to put its findings on the record at or near the time when it grants the continuance." *Zedner*, 547 U.S. at 507 n.7.

9

findings after the fact may not guarantee that the court "carefully consider[s] all relevant factors" at the time the continuances were granted, this is the case whether or not the district judge remained the same throughout the proceedings.

In this case, Judge Brady's statement of reasons "can be fairly understood" to have "actually motivated the court at the time it granted the continuance." *United States v. Bieganowski*, 313 F.3d 264, 283 (5th Cir. 2002). There is nothing to suggest that Chief Judge Tyson granted the continuances for any reason other than those articulated in the defense's unopposed motions, allowed for in the Act, *see* 18 U.S.C. § 3161(h)(7)(B)(iv), and reiterated by Judge Brady: to give Bertucci time to recover from his surgery. We therefore conclude that the district court's on-record findings complied with 18 U.S.C. § 3161(h)(7)(A).[4]

Dignam further contends that the district court's grant of her second motion to continue did not comply with the Act because it was open-ended and did not set a trial date.[5] This court has held that a district court can decide to continue a trial indefinitely under § 3161(h)(7) "when it is impossible, or at least quite difficult, for the parties or the court to gauge the length of an otherwise justified continuance." *McNealy*, 625 F.3d at 863. If the continuance is "for any substantial length of time," then it must be "extraordinary and . . . adequately

---

[4] Dignam also argues, citing the Supreme Court's decision in *United States v. Bloate*, 130 S. Ct. 1345 (2010), that even assuming the on-record findings were sufficient to trigger the excludable delay, the excludable time based on filing motions to continue is limited to the time from the filing of the motion through its disposition—in this case, from April 19 to April 26, and from July 2 to July 14. The Court in *Bloate* held that time granted by the district court for a party to prepare a pre-trial motion is not automatically excludable under § 3161(h)(1)(D), which governs delays "resulting from any pretrial motion, from the filing of the motion" through its disposition. 130 S. Ct. at 1353. The exception in this case was granted under § 3161(h)(7), the "ends of justice" exception, and not § 3161(h)(1)(D); thus, *Bloate* is inapplicable.

[5] Dignam makes the same argument about the first continuance. The district court's order granting that continuance, issued seven days after the motion was filed, was not open-ended; it set the trial date for August 11, 2010.

justified by the circumstances of the particular case." *United States v. Jones*, 56 F.3d 581, 586 (5th Cir. 1995).

The district court granted the second motion for a continuance on July 14, 2010 and, on November 12, 2010, set the trial date for February 28, 2011, resulting in a delay of approximately seven months. The motion indicated that Bertucci's surgery took place in May but that he would still be in recovery and unable to conduct the trial in August. It did not specify when Bertucci would be sufficiently recovered to begin preparing for trial, which suggests that it was "quite difficult" for the court to gauge the necessary length of the continuance. *See McNealy*, 625 F.3d at 863.

The seven-month delay in this case was not extreme. *See Westbrook*, 119 F.3d at 1176, 1187–88 (five-month delay was justified when district court lacked sufficient information about when requested transcripts would be ready until shortly before setting the trial date); *McNealy*, 625 F.3d at 862–64 (three-month delay between granting continuance and setting trial date was justified when defense counsel was attending National Guard training until shortly before the trial date was set); *see also United States v. Lattany*, 982 F.2d 866, 874–76 (3d Cir. 1992) (one-year delay was not unreasonable where defendant changed counsel several times and various counsel requested continuances to permit them to prepare for trial); *United States v. Davenport*, 935 F.2d 1223, 1236 (11th Cir. 1991) (seven-month delay giving two defendants additional time to prepare for trial was reasonable).

Further, Dignam was not prejudiced by the delay in this case. *See Davenport*, 935 F.2d at 1236 (whether delay is reasonable can be determined in part by "the extent to which the appellant's defense was prejudiced"); *Westbrook*, 119 F.3d at 1188 (defendant not prejudiced when he "requested, accepted, and benefitted from the five-month delay"); *United States v. Twitty*, 107 F.3d 1482, 1489 (11th Cir. 1997) (defendant not prejudiced where he "could have objected

to the delay caused by the open-ended nature of the continuance, but did not"). Dignam did not object to the continuances; she did not allege a speedy trial violation until August 2011; and the record indicates that she was in no hurry to proceed to trial.  She filed a notice of intent to enter a guilty plea on February 16, 2011, requested a continuance of the rearraignment on April 27, requested leave to travel on April 28, again asked for rescheduling of the rearraignment and leave to travel on May 11, and finally requested a one-week extension of trial in September 2011.  Her excuses for delay rivaled the delay she argues cannot be excused.

Because it was unclear how much time Bertucci would need to recover, and because the seven-month delay was not extreme and did not prejudice Dignam, we conclude that the district court's grant of an open-ended continuance was reasonable.   Thus, the 70-day speedy trial clock was tolled between April 19, 2010, the date Dignam first moved to continue the trial, and February 28, 2011, the trial date set under the second continuance, under 18 U.S.C. § 3161(h)(7).

## B.    Tolling Due To Unfiled Plea Agreement

The Act provides that periods of delay based on "other proceedings concerning the defendant" are excludable.  18 U.S.C. § 3161(h)(1).  The Act provides a non-exclusive list of eight such proceedings, including "delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government."  *Id*. at § 3161(h)(1)(G). The district court ruled that the notice of intent to plead guilty, filed on February 16, 2011, implicated such delay under this provision, finding that "under consideration" means "the Court is aware that the parties are negotiating a plea agreement that the Court will examine with the defendant at her rearraignment."  Dignam argues that because the proposed plea agreement

No. 12-30262

signed by the parties was never filed with the court, there was no "consideration by the court" sufficient to trigger § 3161(h)(1)(G).

This court has held that § 3161(h)(1)(G) did not apply in a case where "the record indicates that the parties discussed but did not finalize a plea agreement, and it is clear that no agreement was ever submitted to the court for consideration." *United States v. Velasquez*, 890 F.2d 717, 719 (5th Cir. 1989).[6] In this case, although the parties signed the plea agreement and filed a notice of intent to enter it with the court, we hold that because the agreement was never *submitted* to the district court, the court could not have "considered it." *See id*. Thus, the district court erred in finding the delay resulting from the notice of intent excludable under § 3161(h)(1)(G).

The district court's error was harmless, however, because we conclude that the delay prompted by the parties' notice of intent to file a guilty plea was excludable under § 3161(h)(1)(D). At least six other circuits have determined that where a defendant notifies the court that negotiations have resulted in an agreement requiring a change of plea hearing, the time between filing the notice and the hearing is excludable. *See United States v. Alvarez-Perez*, 629 F.3d 1053, 1058 (9th Cir. 2010) (excluding the time elapsed between a change of plea notice and hearing); *United States v. Maynie*, 257 F.3d 908, 914 (8th Cir. 2001) ("Trial delay caused by a defendant's vacillation after informing the government or the court that he would plead guilty is properly charged to the defendant and excluded."); *United States v. Santiago-Becerril*, 130 F.3d 11, 20 (1st Cir. 1997)

---

[6] We note that other circuits have concluded that even if plea negotiations are not automatically excludable under § 3161(h)(1)(G), they may be excludable as "one of many 'other proceedings' noted by" the Act, *United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987); *see also United States v. Van Sorensen*, 118 F.3d 1214, 1218 (8th Cir. 1997) (time spent on plea negotiations "is excludable . . . as a 'proceeding involving defendant'" even though § 3161(h)(1)(G) does not automatically exclude such time); *United States v. Bowers*, 834 F.2d 607 (6th Cir. 1987), or alternately, such time may be excluded under an "ends of justice" continuance, *see United States v. Fields*, 39 F.3d 439, 445 (3d Cir. 1994).

13

No. 12-30262

("All of the days between the date a codefendant files a motion for a change of plea and the date of the change of plea hearing itself are excludable."); *United States v. Jenkins*, 92 F.3d 430, 440 (6th Cir. 1996) ("Since a change of plea is a motion requiring a hearing, the entire amount of time between [the change and the hearing] is excludable."); *see also United States v. Mensah-Yawson*, 489 F. App'x 606, 609–10 (3d Cir. 2012) (the speedy trial clock is tolled "for the time between [the defendant] announcing her intention to plead guilty, and her actual guilty plea"); *United States v. Hunter,* 9 F. App'x 857, 859–60 (10th Cir. 2001) ("Since a change-of-plea hearing is necessary to establish the knowing and voluntary nature of the defendant's guilty plea, and to determine the sufficiency of its factual basis, a 'notice of disposition' . . . is treated as a pre-trial motion requiring a hearing for purposes of the Speedy Trial Act.").

Section 3161(h)(1)(D) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). We agree with our sister circuits' reasoning that a notice of intent to enter a guilty plea falls under this provision, as a motion requiring a hearing. As the Sixth Circuit has observed, a defendant's notice of his intention to change his plea to guilty "obviat[es] the necessity of [a] criminal trial," turning the Federal Rule of Criminal Procedure 11 hearing into the essential proceeding to be scheduled. *United States v. Mentz*, 840 F.2d 315, 330 (6th Cir. 1988). Under Rule 11, before the court accepts a guilty plea, it must hold a hearing wherein "the defendant may be placed under oath, and the court must address the defendant personally in open court" and ensure that the defendant understands certain rights. Fed. R. Crim. P. 11(b)(1). In addition, the court must ensure that the plea is voluntary and must determine that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(2), (3). The court in this case set the date for rearraignment in direct response to the notice of intent to change a plea, and the intervening delay

14

is excludable under § 3161(h)(1)(D). *See Henderson v. United States*, 476 U.S. 321, 330 (1986) (holding that under § 3161(h)(1)(D), if a motion requires a hearing, the delay between the filing of the motion and the hearing is excludable whether the delay is reasonable or not); *United States v. Stephens*, 489 F.3d 647, 656 (5th Cir. 2007).

The parties filed the notice of intent to plead guilty on February 16, 2011. However, there was no Rule 11 hearing because on August 17, 2011—the date scheduled for the rearraignment—Dignam informed the district court that she intended to "withdraw" the guilty plea on grounds of coercion. On September 6, 2011, the district court held a hearing and allowed Dignam to withdraw the plea on the basis that the plea agreement had never actually been filed.

Assuming, *arguendo*, that the excludable delay resulting from the notice of intent lasted until Dignam indicated her intent to "withdraw" the plea on August 17, 2011,[7] the speedy trial clock was also tolled from August 31, 2011 until the start of trial by pending motions.[8] *See United States v. Calle*, 120 F.3d 43, 45 (5th Cir. 1997) ("if a motion requires a hearing, [the clock is tolled] from the date that the motion is filed through the date that the court conducts a hearing on the motion"); *United States v. Gonzales*, 897 F.2d 1312, 1317 (5th Cir. 1990) (defendant's motion to dismiss on speedy trial grounds operated to toll the speedy trial clock until the motion's resolution). The speedy trial clock began to

---

[7] Although we do not need to decide the issue, the period between Dignam's indication that she intended to withdraw her guilty plea, on August 17, 2011, and the hearing on the motion to withdraw the guilty plea on September 6, 2011, may be excludable. *See, e.g.*, *United States v. Mentz*, 840 F.2d at 330 (holding that delay is excludable when a defendant "notifies the court that he wishes to change his plea to guilty, and subsequently withdraws that offer close to or beyond the 70-day time limit").

[8] Dignam concedes that her motion to dismiss on speedy trial grounds and the government's motion in limine tolled the clock, but states that the motion to dismiss was not filed until September 13. The record indicates, however, that the motion was filed on August 31. The government's motion in limine was filed before the district court denied Dignam's motion to dismiss, and was not resolved until the start of trial.

No. 12-30262

run on March 1, 2010, when Dignam pleaded not guilty and made her first appearance before a judicial officer. *See* 18 U.S.C. § 3161(c)(1). Even assuming *arguendo* that the 13-day period between August 18 and August 30 was not excludable, the length of non-excludable delay does not exceed 70 days. *See* 18 U.S.C. § 3161(c)(1). Thus, we conclude that the district court did not violate the Speedy Trial Act.

## CONCLUSION

For the foregoing reasons, we AFFIRM Dignam's conviction.