# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30461
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MOHAMED ADMED HASSAN ABDALLAH OMRAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CR-35-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mohamed Admed Hassan Abdallah Omran appeals his conviction of two counts of failure to depart the United States pursuant to an order of removal for which he was sentenced to six months of imprisonment. *See* 8 U.S.C. §1253(a)(1)(C). Omran asserts that the district court violated his right to a speedy trial by continuing his trial beyond 60 days. *See* 18 U.S.C. § 3161(c)(1). The district court's finding that the interests of justice in providing Omran,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

who was proceeding pro se, more time to prepare his defense outweighed Omran's and the public's interest in a speedy trial tolled the running of the speedy trial time. *See United States v. Dignam*, 716 F.3d 915, 920 (5th Cir. 2013); § 3161(h)(7)(A). Because the district court granted Omran's motions to enhance his ability to represent himself and made specific findings that the additional time was necessary for that purpose, the seven-month delay did not violate the Speedy Trial Act. *See Dignam*, 716 F.3d at 923. Nor, as Omran asserts, does the fact that the Government may have benefitted from the delay as well, change the analysis. *See United States v. Rosson*, 441 F.2d 242, 246 (5th Cir. 1971).

Additionally, the delay did not implicate Omran's constitutional right to a speedy trial under the Sixth Amendment. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *United States v. Molina-Solorio*, 577 F.3d 300, 304 (5th Cir. 2009). Because the delay was less than a year, no presumption of prejudice applies. *See Nelson v. Hargett*, 989 F.2d 847, 851 (5th Cir. 1993). Omran's vague and conclusory assertions are insufficient to show the extreme prejudice or willfulness by the prosecution to delay his trial which would require an examination of the *Barker* factors. *Cowart v. Hargett*, 16 F.3d 642, 647 (5th Cir. 1994). As the district court noted, Omran requested the continuances and the court specifically granted them to permit Omran time to prepare for trial despite the difficulty inherent in his detention. *See Molina-Solorio*, 577 F.3d at 304.

Omran further challenges the denial of his motions to dismiss the indictment. In asserting that he lacked the requisite mens rea for the offense, Omran conflates his reason *for* obstructing his deportation with his intent *to* obstruct the deportation. *See* 1253(a)(1)(C). Accordingly, he points to nothing in the record that would lead to "the definite and firm conviction" that the

district court erred in concluding that he intended to obstruct his departure, for whatever purpose. *United States v. Cordova-Soto*, 804 F.3d 714, 718 (5th Cir. 2015) (citation omitted), *cert. filed*, No. 15-945 (U.S. Jan. 21, 2016).

Next, Omran challenges the district court's refusal to subpoena two former co-workers who Omran states would have testified as to his good character. Several witnesses testified, however, as to Omran's efforts to obstruct the boarding of the flights to Egypt, and the evidence corroborated that testimony. The character witnesses' testimony, no matter how favorable, is unlikely to have changed the verdict in this case, and the district court did not err in refusing to subpoena the character witnesses. *See United States v. Soape*, 169 F.3d 257, 268 (5th Cir. 1999); *United States v. Butler*, 988 F.2d 537, 540 (5th Cir. 1993). As to Omran's efforts to subpoena an attorney and a Federal Bureau of Investigation agent, he fails to show that their proposed testimony regarding a search following distinct and ultimately dismissed criminal charges is relevant to his alleged innocence of the conduct charged. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982).

Omran briefed no argument as to the district court's denial of his motion to subpoena documents, and thus has abandoned the issue. *See United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992). Moreover, the district court acted within its discretion in refusing to admit evidence relevant only to prior and later-dismissed criminal charges and the search of a residence related to those charges. *See United States v. Nguyen*, 504 F.3d 561, 571 (5th Cir. 2007). The elements of the instant offense were that (1) as an alien subject to a final order of removal, (2) Omran connived, conspired, or took action (3) designed to prevent or hamper or with the purpose of preventing or hampering his departure from the United States. *See* § 1253(a)(1)(C). The prior criminal charges and search occurred after the final order of removal issued and were

unrelated to Omran's actions in hampering boarding the airplane in 2013, the basis for the instant charges. The evidence of those prior events, therefore, had no tendency to make more or less probable any fact as to his conduct in the instant matter. *See* FED. R. EVID. 401. Additionally, Omran cites no precedent showing that his pending civil lawsuits related to the prior charges constitute a defense to the instant failure to depart charge. *See United States v. Waldrip*, 981 F.2d 799, 806-07 (5th Cir. 1993). The copy of Omran's prior tax return, which he also sought to introduce, is equally irrelevant to his specific conduct in the instant matter. *See* FED. R. EVID. 402.

The district court also did not err declining to instruct the jury as Omran sought. *See United States v. Wright*, 634 F.3d 770, 775 (5th Cir. 2011). The district court provided a correct jury charge as to Omran's first proposed instruction, that the jury could find him not guilty if the Government did not prove beyond a reasonable doubt the existence of criminal intent. *See In re Winship*, 397 U.S. 358, 364 (1970); *Wright*, 634 F.3d at 775. Further, no evidence was introduced regarding a duress defense or Omran's good character. In the absence of support by the law or the evidence in the record, Omran was not entitled to the jury charge modifications he sought. *See United States v. Peterson*, 101 F.3d 375, 381 (5th Cir. 1996).

The decision of the district court is AFFIRMED. Omran's motion for the appointment of counsel to file a reply is DENIED. *See, e.g., United States v. Ogbonna*, 184 F.3d 447, 449 & n. 1 (5th Cir. 1999) *United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998).